## JACOB ANDERSON v. MINNEAPOLIS, ST. PAUL & SAULT STE. MARIE RAILWAY COMPANY AND OTHERS.[1]

November 25, 1921.

No. 22,494.

**Railway — liability of director general.**
Sections 3795, 4426, G. S. 1913, are applicable to the director general of railroads. [Reporter.]

After the decision upon the former appeal, reported in 146 Minn. 430, 179 N. W. 45, judgment was entered upon the verdict. From that judgment, defendant railway company and Walker D. Hines appealed. Affirmed.

*John L. Erdall, Fryberger, Fulton, Hoshour & Ziesmer* and *H. B. Dike,* for appellants.

*Clayton J. Dodge* and *Hugh J. McClearn,* for respondent.

PER CURIAM.

Appeal from a judgment of the St. Louis district court.

This case was here before on the appeal of the defendants from an order denying their alternative motion for judgment notwithstanding the verdict or a new trial. The decision is reported in 146 Minn. 430, 179 N. W.

[1]Reported in 185 N. W. 299.

45. On the going down of the mandate judgment was entered in the court below on November 29, 1920, upon the verdict theretofore rendered. This appeal is from that judgment.

After the appeal, as shown by the records of this court, the appeal of the defendant railroad company was dismissed. The only defendant now present upon this appeal is Walker D. Hines, director general of railroads.

The assignments of error include those made on the former hearing and certain additional ones. All have had our attention. We have considered the claim of the defendant, specifically made, that G. S. 1913, §§ 3795, 4426, relative to the operation of railroads, imposing in certain cases an absolute liability, are not applicable to the director general, and hold against his contention. This is in accord with our understanding of our prior decision. With this statement added, and following the former decision, the judgment is affirmed.

We may add that anything that occurred in the court below after the judgment relative to a substitution of the agent of the president is not before us on this appeal.

Judgment affirmed.